IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEWAYNE CUNNINGHAM, #190108, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 2:19-CV-520-WKW |
| | ) (WO) |
| KAY IVEY, et al., | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an indigent state inmate, filed this 42 U.S.C. § 1983 action during a prior term of incarceration at the Ventress Correctional Facility. Doc. 1. After reviewing the complaint and due to several deficiencies in this pleading, the undersigned deemed it necessary that Plaintiff file an amended complaint and entered an order providing him an opportunity to do so. Doc. 11. This order explained the deficiencies in detail and set forth distinct instructions with respect to filing the amended complaint. Doc. 11 at 1–8. The order also specifically cautioned Plaintiff that his failure to file an amended complaint in compliance with its directives would result in a Recommendation that this case be dismissed. Doc. 11 at 8. Plaintiff filed no response to this order. The court therefore entered a second order, Doc. 13, requiring Plaintiff to "(i) show cause why he failed to file an amended complaint as ordered by this court, and (ii) file the requisite amended complaint[,]" and provided him a copy of the prior order requiring that he file an amended

complaint.  This order again cautioned Plaintiff his failure to comply would result in a Recommendation that this case be dismissed.  Doc. 13

The time allowed Plaintiff to file the amended complaint as ordered by this court has expired.  As of the present date, Plaintiff has failed to file the requisite amended complaint.  In light of Plaintiff's failure to file an amended complaint, the court concludes that this case should be dismissed.  *Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's order directing amendment and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice."  *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to file an amended complaint as ordered by this court.

On or before **April 21, 2021**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 7th day of April, 2021.

                    /s/ Charles S. Coody
                    UNITED STATES MAGISTRATE JUDGE